United States District Court
Southern District of Texas
**ENTERED**
July 25, 2018
David J. Bradley, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| TRAVIS ANDERSON, §<br>　　　*Petitioner*, §<br>§<br>v. §<br>§<br>LORIE DAVIS, §<br>Director, Texas Department of §<br>Criminal Justice–Correctional §<br>Institutions Division, §<br>　　　*Respondent*. § | CIVIL ACTION NO. 4:17-CV-02669 |

## **MEMORANDUM AND RECOMMENDATION**

Travis Anderson's petition for writ of habeas corpus filed under 28 U.S.C. § 2254 has been referred to this magistrate judge for a report and recommendation. (Dkt. 7). The court recommends that the petition be denied with prejudice as time-barred.

## **Background**

Anderson was indicted by a grand jury on three counts of aggravated assault with a deadly weapon. Dkt. 23-13 at 12-13. He pled no contest to those charges. Dkt. 23-13 at 64-66. On March 10, 2011, he was placed on deferred adjudication with ten years of community supervision. *Id.* at 70-71.

Approximately nine months later, Anderson was stopped because he was suspected of driving while intoxicated. He told the officer he had taken various prescription medications, including muscle relaxants and narcotic pain relievers. Dkt. 23-18 at 18. He failed a field sobriety test and was taken to a hospital to have his blood drawn and tested. *Id.* at 19-32. Once at the hospital, Anderson fell or threw himself to the floor and thrashed around as though he was experiencing a seizure. *Id.* at 32-33. His

flailing legs struck an officer in the ankle, causing minor injury. Blood tests showed the presence of Soma, Valium, and Equanil at levels sufficient to impair his actions. Dkt. 23-20 at 28-29. The State moved to adjudicate the aggravated assault charges alleging he violated the conditions of his community supervision by driving while intoxicated and assaulting a public servant. Dkt. 23-13 at 79.

After a hearing in July 2012, the trial judge found the State's allegations of parole violations to be true and revoked Anderson's community supervision. On September 25, 2012, the trial court assessed punishment at thirty-five year's confinement with the Texas Department of Criminal Justice. Dkt. 23-14 at 67-69. Anderson appealed, but the Eleventh Court of Appeals affirmed the sentence on October 9, 2014. *Anderson v. State*, No. 11-12-00306-CR, 2014 WL 5463083 (Tex.App.—Eastland Oct. 9, 2014); Dkt. 23-2. The Texas Court of Criminal Appeals refused Anderson's petition for discretionary review on April 22, 2015. Dkt. 23-11.

On April 20, 2016, Anderson filed an application for writ of habeas corpus in the Court of Criminal Appeals for the State of Texas. Dkt. 23-24 at 2-19. In response, the State argued that some of his habeas claims were procedurally barred because he failed to raise them on appeal. Anderson's state habeas application was denied on September 14, 2016. He requested reconsideration on September 26, 2016. The Texas Criminal Court of Appeals denied his request on October 7, 2016. He filed this habeas application on or before August 25, 2017.[1] In it, he challenges the effectiveness of his attorney at the

---

[1] Anderson did not sign or date his habeas petition, so it is impossible to determine with certainty when it was placed into the mail system. It was received by the clerk of the Southern District on August 25, 2017. A memorandum in support of motion for leave to file amended pleadings was received on the same date. That motion was allegedly "executed" on August 29, 2017, four days after it was received. Dkt. 3. For reasons explained below, the precise date it was filed is not

adjudication hearing, contends his appellate counsel was ineffective, argues an illegal search and seizure[2] occurred, and challenges the credentials of the State's expert at the adjudication hearing.

## Analysis

This case is governed by the Antiterrorism and Effective Death Penalty Act of 1996. Under the AEDPA, a petition for habeas relief filed by a person in state custody is subject to a one-year period of limitations which runs from the latest of:

> (A)   The date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B)   The date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C)   The date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D)   The date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).

Anderson's conviction became final when his time for filing a petition for writ of certiorari to the Supreme Court expired on July 21, 2015, ninety days after the petition for discretionary review was denied.[3] Thus, his one-year federal statute of limitations expired

---

critical in this matter.

[2] Anderson's illegal search and seizure claim is not well explained, but he appears to contest the blood draw done pursuant to a warrant.

[3] Because Anderson's challenges are to the adjudication hearing and his conviction at that hearing, and not to the deferred adjudication order, the federal limitations period runs from the entry of the order of conviction, not the order of deferred adjudication. *See Tharpe v. Thaler*, 628 F.3d 719 (5th Cir. 2010) (distinguishing between hearing on deferred adjudication order and hearing adjudicating guilt).

3

on July 21, 2016 unless it was tolled. The limitations period is tolled during the time Lopez's state application was pending, from April 20, 2016 until September 14, 2016, a total of 148 days. It was tolled an additional twelve days, between September 26, 2016 until October 7, 2016, while the state court considered his motion for reconsideration. Therefore, Anderson had until December 28, 2016 to file his federal petition. He did not file it until August 2017. Anderson does not present any basis for tolling of his federal statute of limitations. *Hardy v. Quarterman*, 577 F.3d 596, 598 (5th Cir. 2009) (The one year federal limitations period is subject to equitable tolling only "in rare and exceptional circumstances.").

A valid claim of actual innocence will overcome AEDPA's time bar. *McQuiggen v. Perkins*, 569 U.S. 383, 386 (2013). However, a petition must present newly discovered evidence so compelling that it would be a miscarriage of justice to let the conviction stand *even if* the trial were error free, or must present evidence of innocence so strong that the conviction would be a conviction of justice *unless* the trial were error free. *Schlup v. Delo*, 513 U.S. 298, 315 (1995) (citing *Herrera v. Collins*, 506 U.S. 390, 400 (1993). Anderson, who alleges ineffectiveness of his trial and appellate counsel at the adjudication hearing, a "conflict of interest" caused by the poor health of his adjudication trial counsel, an illegal search and seizure, and challenges the credentials of the state's expert witness, meets neither standard here. Anderson has presented no newly discovered evidence he is innocent of the DWI or assault on a public servant that led to the revocation of his community supervision–or even innocent of the original assault charges—that is so compelling it would be a miscarriage of justice to let the conviction

4

stand. Absent such a showing, there is no "rare and exceptional circumstance" that would justify the application of equitable tolling.

**Conclusion and Recommendation**

The court recommends that Anderson's petition for writ of habeas corpus be denied with prejudice as time-barred.

Brown has not made a substantial showing that he was denied a constitutional right or that it is debatable whether this court is correct in a procedural ruling. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Therefore, the court recommends that a certificate of appealability not issue.

The parties have 14 days from service of this Memorandum and Recommendation to file written objections. Failure to timely file objections will preclude appellate review of factual findings or legal conclusions, except for plain error. *See* Rule 8(b) of the Rules Governing Section 2254 Cases; 28 U.S.C. § 636(b)(1)(c); FED. R. CIV. P. 72.

Signed at Houston, Texas on July 25, 2018.

Stephen Wm Smith
United States Magistrate Judge